JS 44   (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CLAUDETTE FALACK

## DEFENDANTS
SYNCHRONY F INANCIAL, INC. , SYNCHRONY BANK, INC. , ABC COMPANY, INC. (1-10), JOHN DOES (1-

**(b)** County of Residence of First Listed Plaintiff    Ocean
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Law Offices of Benjamin G. Kelsen, Esq. LLC
1415 Queen Anne Road, Suite 206, Teaneck, NJ 07666
bgkelsen@kelsenlaw.com / tel: 201-692-0073

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❐ 1  U.S. Government Plaintiff
- ❐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane — ❐ 365 Personal Injury - | ❐ 690 Other | ❐ 423 Withdrawal 28 USC 157 | ❐ 376 Qui Tam (31 USC 3729(a)) |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability — Product Liability | | | ❐ 400 State Reapportionment |
| ❐ 140 Negotiable Instrument | — ❐ 367 Health Care/ | | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 320 Assault, Libel & Slander — Pharmaceutical Personal Injury | | ❐ 820 Copyrights | ❐ 430 Banks and Banking |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers' — Product Liability | | ❐ 830 Patent | ❐ 450 Commerce |
| ❐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability — ❐ 368 Asbestos Personal Injury Product Liability | | ❐ 840 Trademark | ❐ 460 Deportation |
| | ❐ 340 Marine | | | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 345 Marine Product Liability — **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| ❐ 160 Stockholders' Suits | ❐ 350 Motor Vehicle — ❐ 370 Other Fraud | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 490 Cable/Sat TV |
| ❐ 190 Other Contract | ❐ 355 Motor Vehicle Product Liability — ❐ 371 Truth in Lending | ❐ 720 Labor/Management Relations | ❐ 862 Black Lung (923) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal Injury — ❐ 380 Other Personal Property Damage | ❐ 740 Railway Labor Act | ❐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ❐ 196 Franchise | ❐ 362 Personal Injury - Medical Malpractice — ❐ 385 Property Damage Product Liability | ❐ 751 Family and Medical Leave Act | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| | | ❐ 790 Other Labor Litigation | ❐ 865 RSI (405(g)) | ❐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ❐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❐ 895 Freedom of Information Act |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights — **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 896 Arbitration |
| ❐ 220 Foreclosure | ❐ 441 Voting — ❐ 463 Alien Detainee | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment — ❐ 510 Motions to Vacate Sentence | | | |
| ❐ 240 Torts to Land | ❐ 443 Housing/ Accommodations — ❐ 530 General | | | ❐ 950 Constitutionality of State Statutes |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment — ❐ 535 Death Penalty | | | |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other — **Other:** | **IMMIGRATION** | | |
| | ❐ 448 Education — ❐ 540 Mandamus & Other | ❐ 462 Naturalization Application | | |
| | ❐ 550 Civil Rights | ❐ 465 Other Immigration Actions | | |
| | ❐ 555 Prison Condition | | | |
| | ❐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❐ 2  Removed from State Court
- ❐ 3  Remanded from Appellate Court
- ❐ 4  Reinstated or Reopened
- ❐ 5  Transferred from Another District *(specify)*
- ❐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. §227; 15 U.S.C. §1692
Brief description of cause:
violations of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
❐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.     DEMAND $ 850,000.00     CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE                 SIGNATURE OF ATTORNEY OF RECORD
                     /S/ Benjamin G. Kelsen

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
**1415 Queen Anne Road, Suite 206**
**Teaneck, NJ 07666**
**Phone: 201-692-0073**
**Fax: 201-692-0151**
**Email: info@kelsenlaw.com**

| | |
|---|---|
| **CLAUDETTE FALACK,**<br><br>Plaintiff(s),<br><br>v.<br><br>**SYNCHRONY FINANCIAL, INC., SYNCHRONY BANK, INC., ABC COMPANY, INC. (1-10), JOHN DOES (1-10),**<br><br>Defendant(s) | **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**CIVIL ACTION:**_____<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff , **CLAUDETTE FALACK** (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through their attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, against **SYNCHRONY FINANCIAL, INC., SYNCHRONY BANK, INC., ABC COMPANY, INC.**, and **JOHN DOE (1-10)** (hereinafter "Discover" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2.      The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4.   The Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5.   Plaintiff resides in Lakewood, NJ 08701-1463.

6.   Plaintiffs are the sole subscribers of the Verizon Wireless cellular phone account bearing the phone number of 732-228-1199, and has been the sole subscriber of that account at all times relevant hereto.

7.   Plaintiff is the sole party financially responsible for the payment of the wireless account bearing the phone number of 732-228-1199, and has been the sole party financially responsible for that account at all times relevant hereto.

8.   Plaintiff **CLAUDETTE FALACK** is and has been the regular user of that phone number at all times relevant hereto.

9.   Plaintiffs are the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on her cellular telephone number 732-228-1199.

10.  The Defendant called from numerous phone numbers, including but not limited to 877-822-2014, 888-248-3182, and 330-433-5970, all of which numbers belong to Defendant.

11.  On information and belief, Plaintiff alleges that **SYNCHRONY FINANCIAL, INC.** is, and at all times mentioned herein was, and is a Connecticut corporation, with a registered office address of 777 Long Ridge Road, Stamford, CT 06902-1250

12.  On information and belief, Plaintiff alleges that **SYNCHRONY BANK, LLC**, is, and at all times mentioned herein was, a wholly owned subsidiary of **SYNCHRONY FINANCIAL, INC.,** incorporated in Utah, with a registered office address of CT Corporation Systems, 170 West Election Road, Suite 125, Draper, UT 84020.

13.  Defendants, **SYNCHRONY FINANCIAL, INC.**, **SYNCHRONY BANK, INC.** are collectively referred to herein as ("Synchrony" or "Defendants").

14.  Synchrony at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

15.  Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

16.  **ABC CORPORATION, INC.**, is a fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

17.   **JOHN DOES 1-10**, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

18.   Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA"), as well as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter "FDCPA").

19.   The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

20.   The regulations under the TCPA further prohibit calling a cellular telephone with an ATDS after prior express consent was revoked.

21.   Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to... any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

22.   Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over 423 times.

23.   As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of the use of Plaintiff's cellular phone during the times that the Defendant was calling the Plaintiff's phone.

24.   Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

25.   Plaintiffs are seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

26.   On or about 2007, the Plaintiffs opened a credit card account with the GAP, Inc. and TJ Maxx, Inc., and Banana Republic, Inc., whose private issue credit cards are serviced by the Defendant, Synchrony.

27.   Due to unforeseen circumstances, Plaintiffs fell behind on payments to the Defendant.

28.     At that time, the account was in default and was an alleged consumer debt as defined by 15 U.S.C. §1692(a)(5).

29.     During that time period, beginning on or about January, 2016 the Plaintiff started receiving numerous phone calls from Synchrony on her cell phone.

30.     On or around January 10, 2016, Plaintiff called the numbers known to her be related to GAP, Inc. and TJ Maxx, Inc. credit cards respectively, without knowing that the Defendant was servicing both companies, requesting that all communication to her cell phone cease, and revoking any consent she may have given to receive phone calls regarding this account.

31.     Defendant continued contacting the Plaintiff via telephone numerous times in an attempt to collect the past due on these accounts

32.     Defendant would call Plaintiff's cellular telephone, using an automatic telephone dialing system to initial the telephone call.

33.     On most of these calls, including a call on January 25, 2016, Defendant would leave a voicemail leaving a very similar generic message.

34.     Defendant's use of an automated telephone dialing system was clearly indicated by the placement of over 423 calls to the Plaintiff Since January of 2016, the placement of sometimes ten (10) calls to the Plaintiff per day.

35.     These phone calls were made up to ten times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

36.     Defendant had ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis, sometimes up to ten (10) times daily.

37.     Pursuant to section 15 U.S.C. 1692e(11) a debt collector must in all subsequent communications with a consumer disclose that the communication was coming from a debt collector.

38.     The telephone calls at issue were placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA.

39.     The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or the ability to dial those stored telephone numbers from its database without human intervention.

40.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

Page 4 of  7

41.    Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

42.    As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

## CAUSES OF ACTION
## COUNT I
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47  U.S.C. § 227 *ET SEQ.*

43.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

45.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46.    Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47  U.S.C. § 227 *ET SEQ.*

47.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)( c).

50.    Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff respectfully prays for the following relief:

1.      On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

2.      On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.


### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: March 25, 2016                                          /s/ Benjamin G. Kelsen, Esq.
                                                                              **THE LAW OFFICES OF**
                                                                              **BENJAMIN G. KELSEN, ESQ. LLC**
                                                                              *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Benjamin G. Kelsen, Esq., the undersigned attorney of record for Plaintiffs, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: <u>March 25, 2016</u>                              /s/ Benjamin G. Kelsen, Esq.
                                                                      **THE LAW OFFICES OF**
                                                                      **BENJAMIN  G.  KELSEN,  ESQ.  LLC**
                                                                      *Attorneys for Plaintiff*


## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: <u>March 25, 2016</u>                              /s/ Benjamin G. Kelsen, Esq.
                                                                      **THE LAW OFFICES OF**
                                                                      **BENJAMIN  G.  KELSEN,  ESQ.  LLC**
                                                                      *Attorneys for Plaintiff*